Joseph Winoker  
vs.  W. C. A. No. 622  
Israel Winoker et al.  

November 5, 1926

TANNER, P. J. Petitioner, Joseph Winoker, alleges that he was an employee of Israel Winoker, doing business as J. Winoker & Brothers, and further alleges that he was injured in the course of his employment, and brings this petition against said Israel Winoker and the Zurich General Accident & Liability Insurance Company.

The Insurance Company resists payment of compensation for this accident on the ground that said petition-

er instead of being an employee of J. Winoker & Brothers was a partner in said business. We are satisfied, however, by an abundance of testimony that said plaintiff was not or had not been for a long while a partner in said business, but was an employee of his brother Israel Winoker, doing business as J. Winoker & Brothers.

The Insurance Company also resists payment of compensation upon the ground that the policy was so written that it did not cover accidents arising from employment by said Israel Winoker.

It appears that one Sigmund Rosen, an insurance broker, procured the taking out of an accident policy by said Israel Winoker, which policy was taken out through the agency of Spencer & Boss.

It also appears that said Sigmund Rosen took the plaintiff to the office of said insurance agency to procure said policy; that said plaintiff, who was acting as foreman for his brother Israel, was sent by him to procure the policy; that he transacted business with a clerk of said insurance company.

The testimony of said Joseph Winoker, and said Sigmund Rosen, and said clerk, differed to some extent, but it does appear that the clerk merely asked for the name of the concern being insured and whether or not it was a copartnership, and that she put in the said J. Winoker & Brothers, a copartnership, as the assured. It does not appear that she asked for the names of the partners or appeared to be concerned with knowing the names of the individual partners. If she had, as agent of said insurance agency, desired to ascertain the names of the individual partners, she would have been entitled to do so, and any deception as to said names by the assured or his agent would have avoided the policy, but from the testimony it appears to us that the clerk simply desired to

get the name of the concern being insured and was willing to issue the policy and did issue the policy to cover whoever was doing business as J. Winoker & Brothers.

Under these circumstances we think that under the decisions we can properly hold that the policy was a valid policy and covered any of the employees of the said Israel Winoker doing business as J. Winoker & Brothers.

"If the name of the person for whose benefit the insurance is obtained does not appear upon the face of the policy, or if a blank is left in the policy for the name of the person on whose account the insurance is effected, or if the designations used are applicable to several persons, or if the description of the assured is imperfect or ambiguous, or the policy be 'to whom it may concern,' evidence aliunde may be resorted to ascertain the meaning of the contract and to show who are the real parties in interest. * * § In such cases the risk attaches to the interest of the party actually intended to be covered and he may sue even though such intention may have been unknown to the insurer."

1 Joyce's Law of Insurance, 2nd ed. Sec. 311.

"In applying insurance contracts to the proper subject matter, and the party or parties intended to be covered by the risk, courts have been liberal in receiving parol testimony in favor of the assured."

Daniels vs. The Citizens Savings Co., 5 Fed., page 425 at page 428.

We are, therefore, of the opinion that the insurance company intended to cover in this policy whoever was doing business as J. Winoker & Brothers, and that said Israel Winoker was so doing business, and that the plaintiff was his employee and was injured in the course of his employment and is therefore entitled to compensation.

For Petitioner: George F. Troy.

For respondent Greenough Easton and Cross, George Paul Slade.